(No. 2572—)

WRAY CALL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 12, 1936.*

F. A. ORTMAN and STEVENS & HERNDON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein was employed by respondent as superintendent of carpentering at the Pontiac Reformatory and was injured in the course of his employment on January 10, 1934, the injury resulting in the loss of the first phalange of the fourth finger on his left hand, injuries to the third finger resulting in a total and permanent loss of its use. The complaint and record herein show that the work shop where claimant was employed was equipped with power-driven machinery and claimant was operating a power-driven jointer which consists of a cylinder with four knives about twenty inches long. Proper notices are shown to have been given and the claim filed within one year from the date of the accident, as provided by the Workmen's Compensation Act.

Under a stipulation of facts filed herein it appears that claimant was provided the necessary first aid and all medical and surgical services thereafter which were reasonably required to relieve him from the effects of the injury, and that he has been paid compensation during the period of his temporary total incapacity by reason of said injury. His wages were Thirty Dollars ($30.00) per week.

The injury arose in the course of and out of the employment in question and claimant is entitled to compensation for

the loss of the third finger on the basis of one-half (½) the weekly wage for twenty-five (25) weeks, and for the loss of the first phalange of the fourth finger on the basis of ten (10) weeks.

An award is therefore made on the total basis of thirty-five (35) weeks at one-half (½) the weekly wage or Fifteen Dollars ($15.00), making a total award of Five Hundred Twenty-five Dollars ($525.00) for the specific loss herein claimed.

This award being subject to the provisions of an Act entitled *"An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof,"* approved July 2d, 1935 (Session Laws of 1935, p. 49), and, by the terms of such Act, being subject to the approval of the Governor, upon such approval is payable from the General Revenue Fund in the manner provided by such Act.